# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-416V
UNPUBLISHED

|  |  |
|---|---|
| PETER LOUVARIS, <br><br>            Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>            Respondent. | Chief Special Master Corcoran <br><br> Filed: September 27, 2021 <br><br> Decision on Motion to Dismiss; Uncovered Vaccines; pneuomoccocal polysaccharide (Pneumovax-23) vaccine |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Heather L Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION[1]

On January 8, 2021, Peter Louvaris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury from the administration of a pneumococcal conjugate vaccine (Prevnar 13) on September 6, 2020. Petition at 1. However, a review of the medical records revealed that Petitioner had actually received a pneumococcal polysaccharide vaccine (Pneumovax-23) on that date. Exhibit 3 at 3, 5.

On September 24, 2021, Petitioner filed a motion for a decision dismissing his petition. ECF no. 14. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this claim is hereby **DISMISSED**.

After submitting his petition without any supporting documents, Petitioner later filed medical records and a Statement of Completion. ECF nos. 8-9. Petitioner then

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Case 1:21-vv-00416-UNJ   Document 20   Filed 10/26/21   Page 2 of 3

submitted additional medical records and an Amended Statement of Completion. ECF nos. 11, 12.

After a review of the petition and medical records filed in this case, I issued an Order to Show Cause why this case should not be dismissed as the vaccine alleged to have caused the injury, pneumococcal polysaccharide vaccine (Pneumovax-23), is not covered by the Vaccine Program. ECF No. 13.

On September 24, 2021, Petitioner filed a motion for a decision dismissing his petition confirming that he did in fact receive the Pneumovax-23, which is not compensable in the Vaccine Program, despite previously believing in good faith he had received the Prevnar 13, which is compensable in the Vaccine Program. ECF No. 14 ¶ 5. Accordingly, Petitioner stated that it would be unreasonable to proceed with his claim. *Id.* ¶ 6. Petitioner further indicated that he "understands that a decision by the Chief Special Master dismissing his petition will result in a judgment against him. Petitioner has been advised that such a judgment will end his rights in the Vaccine Program." *Id.* ¶ 7.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine set forth in the Vaccine Injury Table (the "Table"). § 11(c)(1)(A). Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y of Health & Human Servs.*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *See Morrison v. Sec'y of Health & Human Servs.*, No. 04-1683V, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table); 42 C.F.R. § 300aa—14(a)(XII) (pneumococcal conjugate vaccine listed on Vaccine Table).

Petitioner received a pneumococcal polysaccharide vaccine. Exhibit 3 at 3, 5. As such, Petitioner is unable to show that he "received a vaccine set forth in the Vaccine Injury Table." §11(c)(1)(A). Thus, Petitioner cannot receive compensation on a claim based on a non-covered vaccine through the Vaccine Program, and the petition must be dismissed. *See, e.g., Cielencki v. Sec'y of Health & Human. Servs.*, No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015).

Petitioner has failed to demonstrate that he was injured by a vaccine covered under the Vaccine Program. **This case is dismissed for failure to state a claim upon which relief can be granted. The clerk shall enter judgment accordingly.**[3]

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master