# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0416V
UNPUBLISHED

|  |  |
|---|---|
| PETER LOUVARIS, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 27, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Pre-Assignment Review; Attorney's Fees and Costs; Reasonable Basis; Pneumovax 23 Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Peter Louvaris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the Prevnar 13 vaccine on September 6, 2020. Petition at 1, ¶ 2.

Along with the Petition, which sets forth only the basic elements of his claim, Mr. Louvaris filed a signed declaration[3] from Petitioner's counsel (labeled Exhibit 1) acknowledging the fact that the Petition had been filed without medical records, "[d]ue to

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The declaration was signed under penalty of perjury as required by 28 U.S.C.A. § 1746.

the potential Table amendment proposed by [R]espondent which would divest victims of shoulder injuries related to vaccine administration (SIRVA) the benefit of a 'Table' claim." Exhibit 1 at ¶ 1.

On February 16, 2021, Petitioner filed a signed declaration,[4] alleging that he suffered a SIRVA injury after receiving the Prevnar 13 vaccine on September 6, 2020. Exhibit 2 at ¶¶ 2, 8, ECF No. 7. However, the vaccine record filed on March 15, 2021, indicates Petitioner received the Pneumovax 23 vaccine, rather than the Prevnar 13 vaccine,[5] in his injured left deltoid. Exhibit 3 at 3-5.[6]

On August 26, 2021, Petitioner was ordered to show cause why his claim should not be dismissed, given that the Pneumovax 23 vaccine is a non-covered vaccine. ECF No. 13. In response, Petitioner filed a motion requesting a decision dismissing his case. ECF No. 14. Petitioner's motion was granted, and his case was dismissed on September 27, 2021. ECF No. 15. Judgment entered on September 30, 2021. ECF No. 18.

On January 4, 2022, Petitioner filed a motion seeking a total of $7,917.07 in attorney's fees and costs. Petitioner's Application for Attorney's Fees ("Motion"), ECF No. 21. Petitioner did not address the requirements of good faith and reasonable basis and provided no additional information regarding the merits of his case and reason for the requested dismissal. *Id.* Maintaining that Petitioner has failed to establish there was a

---

[4] Although the declaration included an acknowledgment by Petitioner that it would be filed in his vaccine case, it was not signed under penalty of perjury as required by 28 U.S.C.A. § 1746.

[5] "There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y of Health & Hum. Servs.*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *See Morrison v. Sec'y of Health & Hum. Servs.*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table). When pneumococcal conjugate vaccines were added to the Vaccine Injury Table, the notice specifically stated that "polysaccharide-type pneumococcal vaccines are not covered under the VICP or included on the Table." National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. 28166.

The Prevnar 13 vaccine - manufactured by Wyeth Pharmaceuticals, Inc., is pneumococcal conjugate vaccine covered by the Vaccine Program and the Pneumovax 23 vaccine - manufactured by Merck & Co. LLC, is a pneumococcal polysaccharide vaccine not covered by the Vaccine Program. *See* https://www.fda.gov/biologicsbloodvaccines/vaccines/approvedproducts/ucm201667.htm (last visited Apr. 9, 2022); https://www.fda.gov/BiologicsBloodVaccines/Vaccines/ApprovedProducts/ucm179996.htm (last visited Apr. 9, 2022). A discussion of the two types of pneumococcal vaccines can be found at the Centers for Disease Control and Prevention website. *See* https://www.cdc.gov/vaccines/vpd/pneumo/public/index.html (last visited Apr. 9, 2022).

[6] The vaccine record shows that, on September 6, 2020, Petitioner also received an influenza vaccine, administered in his *right* deltoid. Exhibit 3 at 3, 6-7.

reasonable basis for his claim, Respondent opposes Petitioner's request. Respondent's Objection to Motion ("Opp."), filed Jan. 7, 2022, ECF No. 22.

For the reasons discussed below, Petitioner has failed to establish there was a reasonable basis for his claim. Thus, he is not entitled to an award of attorney's fees and costs, and the fees motion is therefore denied.

## I.  Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that every losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Hum. Servs.,* 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Hum. Servs.,* 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I")*. "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate

claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Hum. Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Hum. Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Hum. Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Hum. Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid,* 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Hum. Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the

4

objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* --- Fed. Cl. ---, 2022 WL 1162730, at *3 (Fed. Cl. 2022) (*"Cottingham II"*). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II, 2022 WL 1162730, at *3* (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

## II.     Analysis

As an initial concern, Respondent proposes that a lack of subjection matter jurisdiction prevents me from considering Petitioner's request for attorney's fees and costs. Opp. at 3. In the alternative, he argues that Petitioner's claim lacks the requisite reasonable basis for such an award. *Id.* at 3-8. Listing the *prima facie* elements for which objective evidence needs to be provided (*id.* at 6 n.2 (citing *Cottingham I*, 971 F.3d at 1345-46)), Respondent insists that "[P]etitioner cannot establish a foundational element of his claim, that he received a vaccine covered by the Vaccine Injury Table" (Opp. at 7). Citing other decisions involving the denial of attorney's fees and costs in cases after receipt of the Pneumovax 23 vaccine, he emphasizes that Petitioner has a duty to confirm that he received a covered vaccine. *Id.* (citing *Shonka v. Sec'y of Health & Hum. Servs.,* No. 16-1398V, 2017 WL 7362355 (Fed Cl. Spec. Mstr. July 31, 2017); *Amin v. Sec'y of Health & Hum. Servs.,* No. 13-0300V, 2013 WL 5994685 (Fed Cl. Spec. Mstr. Oct. 16, 2013)*. He maintains that "Petitioner's claim lacked a reasonable basis when filed, and one was never established." *Id.*

When Petitioner discovered that he was administered the non-covered version of the pneumococcal vaccine, he quickly concluded there was no reasonable basis for the claim. Thereafter, Petitioner voluntarily dismissed his claim. But regardless of such evident good faith in acting promptly to end a facially-deficient claim, he has offered no evidence to demonstrate the *objective* reasonable basis required for an attorney's fees and cost award.

Petitioner's arguments regarding the filing of this petition prior to counsel's review of the relevant medical records are highly relevant to whether this petition was initiated in good faith – but they do not bear on the objective reasonable basis of the claim. Moreover, the Circuit and the Court have both plainly noted that determinations by counsel to "rush" filings, in order to evade a looming limitations cut-off, do not constitute the kind of objective proof in support of a claim required to satisfy the reasonable basis standard. This is so even though an attorney may have an otherwise-reasonable and good-faith intent to assist a client generally, or avoid a claim becoming stale.

In *Simmons*, the Federal Circuit clearly held that the pending expiration of the Vaccine Act's statute of limitations would not convey a reasonable basis which would otherwise not exist, and that efforts to "beat the clock" in a filing should be considered only when determining whether good faith exists. *Simmons,* 875 F.3d at 636. Here, the rationale provided by Petitioner for the rushed January 2021 filing of his claim, without regard to some of its objective issues, is even *less* compelling than the argument advanced by the *Simmons* petitioner. Unlike the Vaccine Act's statute of limitations, which would prohibit any claim filed after its expiration, the removal of SIRVA from the Table would *not* prevent a petitioner from filing a causation-in-fact claim that was otherwise timely (i.e. filed within 36 months of onset). Because in this case Petitioner alleged receipt of a vaccine in September 2020, a non-Table claim would still have been viable as late as September 2023 – assuming onset in that same month.

While I am sympathetic to Petitioner's argument, as a matter of law it does not persuade. Petitioner's counsel could have confirmed that Petitioner received the type of pneumococcal vaccine which is covered by the Program – the Prevnar 13 vaccine as he believed, prior to filing this petition. However, because I have determined the claim lacks reasonable basis, I need not reach a conclusion regarding good faith.

The present record does not demonstrate the reasonable basis required for an attorney's fees and cost award. The vaccine record clearly indicates that the vaccine Petitioner received in his injured left arm was the Pneumovax 23 vaccine which is not covered by the Vaccine Injury Program. As a result – and despite Petitioner's reasonable desire to file this claim in advance of an anticipated change in the law – I cannot find even a scintilla of evidence would have supported Petitioner's SIRVA claim. In such circumstances, the Act places the risk of filing the claim on counsel, and does not allow an award of fees.

## III.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the petition was brought in

good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). In this case, Petitioner has not established there was a reasonable basis for filing his claim and there is evidence that good faith may also be lacking. **Petitioner's motion for attorney's fees and costs is <u>DENIED</u>.**

The clerk of the court is directed to enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.